**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RLI CORP., | CIVIL ACTION NO. 10-2161 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| FEDEX GROUND PACKAGE SYSTEM, INC., |  |
| Defendant. |  |

**THE PLAINTIFF**, RLI Corp. ("RLI"), brings this action as subrogee for its insured, AmerisourceBergen Corporation ("ABC"), and against the defendant, FedEx Ground Package Systems, Inc. ("FedEx"). (See generally dkt. entry no. 20, Second Am. Compl.)  RLI's claims are governed by the Carmack Amendment, 49 U.S.C. § 14706, et seq. See 49 U.S.C. § 14706(a)(1).

**THE COURT** earlier ordered the parties to show cause why the action should not be transferred to either the United States District Court for the Southern District of Indiana or the United States District Court for the Western District of Kentucky.  (Dkt. entry no. 41, Order & Order to Show Cause ("OTSC").)  The parties each filed timely responses to the OTSC.  (Dkt. entry no. 42, FedEx Response to OTSC; dkt. entry no. 43, RLI Response to OTSC.)  The Court now resolves the OTSC without oral argument, pursuant to Local Civil Rule 78.1(b).

**RLI** alleges in the Second Amended Complaint that FedEx, acting on instruction from Bristol-Myers Squibb Co. ("BMSC") employees in Plainsboro, New Jersey, accepted two pharmaceutical shipments from BMSC's facility in Mount Vernon, Indiana, each destined for ABC's facility in Paducah, Kentucky.  (Second Am. Compl. at ¶¶ 3, 9, 21.) Although FedEx accepted each shipment in "good order, quantity, and condition", both shipments appeared upon arrival at ABC's Paducah, Kentucky facility "to be damaged and/or in an unsound condition due to broken and torn boxes as a result of rough handling".  (Id. at ¶¶ 10-11, 22-23.)  ABC thus rejected both shipments, and FedEx returned them to the BMSC facility in Mount Vernon, where they were deemed unfit for human consumption and destroyed.  (Id. at ¶¶ 11-13, 23-25.)

**THE COURT** notes that an action filed pursuant to the Carmack Amendment may be brought in a United States District Court in a judicial district: (1) through which the defendant motor carrier operates, if the defendant motor carrier is the "delivering carrier"; or (2) where the loss or damage at issue occurred, if the defendant motor carrier is the "carrier responsible for loss".  49 U.S.C. § 14706(d)(1)-(2).  RLI here alleges that FedEx is both the delivering carrier and the carrier responsible for loss.  (See generally Second Am. Compl.)  Venue in this case is thus appropriate in both of the judicial districts where damage to the pharmaceutical shipments at issue may have occurred, i.e., the Southern District of

Indiana, which serves Mount Vernon, Indiana, and the Western District of Kentucky, which serves Paducah, Kentucky.  See 49 U.S.C. § 14706(d)(2); Donaldson Tech. Grp. LLC v. Landstar Ranger, Inc., 347 F.Supp.2d 525, 527 (S.D. Ohio 2004) (venue appropriate in Carmack Amendment case in judicial district along carrier's route, where damage to shipment may have occurred).  Venue is also technically appropriate in any judicial district where FedEx operates, such as the District of New Jersey.  See 49 U.S.C. § 14706(d)(1).  (See also Second Am. Compl. at ¶ 2; dkt. entry no. 43-1, Barrow Cert. at ¶¶ 3-9 (detailing extent of FedEx's New Jersey operations).)

**THE COURT** further notes, however, that district courts have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer" of venue.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995) (discussing district court powers under 28 U.S.C. § 1404(a) ("Section 1404(a)")).  District courts may, "[f]or the convenience of the parties and witnesses, and in the interests of justice . . . transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a); see Jumara, 55 F.3d at 875, 877 n.3, 883.  When determining whether to transfer venue, the Court should consider, inter alia, the plaintiff's original choice of venue, the defendant's preference (if any), whether the claim arose elsewhere, the convenience of the

parties, the extent to which witnesses may be unavailable for trial, the location of books and records, and "the local interest in deciding local controversies at home". Jumara, 55 F.3d at 879.

**THE COURT**, upon consideration of the Jumara factors, concludes that the action would have been more properly brought in the Southern District of Indiana. In reaching this conclusion, the Court gives little weight to RLI's choice of forum because RLI is not a citizen of the forum state. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981); Windt v. Qwest Commc'ns Int'l, Inc., 529 F.3d 183, 190 (2008); see also Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 573 (D.N.J. 2000) ("The choice of forum by a plaintiff is simply a preference; it is not a right."). The Court also gives little weight to RLI's choice of forum because it appears that RLI's claims arose elsewhere, i.e., in either Indiana or Kentucky, along FedEx's route. See Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F.Supp. 324, 327 (D.N.J. 1995) (stating that plaintiff's venue choice is entitled to less deference "when the central facts of a lawsuit occur outside of the chosen forum"). (See also id. at ¶¶ 10-13, 22-25.)[1]

---

[1] RLI has not produced any evidence to support its contention that the issues remaining for trial center on a contract negotiated and signed in New Jersey. (Compare RLI Response to OTSC at 4-5 (citing Second Am. Compl.) with FedEx Response to OTSC at 3 (noting that it is "not clear . . . if New Jersey is where those policies were created").) The Court thus notes but, as detailed above, gives little weight to RLI's preference.

**THE COURT** believes that the United States District Court for the Southern District of Indiana will have a greater interest in deciding the controversy between these parties. That court serves Mount Vernon, Indiana; that judicial district encompasses the area where the shipments at issue originated and, ultimately, were deemed unfit for human consumption and destroyed. (Id. at ¶¶ 3, 9-13, 21-25.) BMSC's Indiana employees who may testify at trial likely reside in or near that judicial district, and evidence located in BMSC's Indiana facility is located in that judicial district. (See FedEx Response to OTSC at 4.)

**RLI** argues that other witnesses would be inconvenienced by a transfer of venue to the United States District Court for the Southern District of Indiana. (RLI Response to OTSC at 4-5.) RLI has, however, only generally referenced witnesses who work either at BMSC's New York headquarters or FedEx's Pennsylvania headquarters. Because RLI has failed to demonstrate how or why such witnesses would be unavailable for trial, the Court need not consider such inconvenience. See Jumara, 55 F.3d at 879 (noting that courts have considered "the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"). FedEx has identified one witness who resides in New Jersey, Todd May, but notes that May has been deposed. (FedEx Response to OTSC at 2, 4.)

**FEDEX** prefers that the Court transfer this action to the United States District Court for the Southern District of Indiana. (FedEx Response to OTSC at 5.)  It notes that a plaintiff's unfettered choice of forum under 49 U.S.C. § 14706(d)(1), in any forum where a defendant carrier operates, "could lead to an absurd result," such as a carrier being sued in a state that otherwise bears no connection to the parties or the shipments at issue.  (<u>Id.</u> at 3.) The Court agrees, and notes that this example demonstrates why the Court must examine and weigh the <u>Jumara</u> factors.

**THE COURT** will issue an appropriate order.

                                                      s/ Mary L. Cooper  
                                                    **MARY L. COOPER**  
                                                    United States District Judge

Date:     April 26, 2012